Filed 2/11/26  Performance Marketing v. Thor Motor Coach CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PERFORMANCE MARKETING LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>THOR MOTOR COACH et al.,<br><br>Defendants and Respondents. | B336862<br>(Los Angeles County<br> Super. Ct. No. 23NWCV01672) |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Reversed and remanded with directions.

Shay Dinata-Hanson and Lawrence J. Hutchens for Plaintiff and Appellant.

Bravo Law Group, Dolores E. Gonzales and James R. Robertson; Horvitz & Levy, Lisa Perrochet and Shane H. McKenzie for Defendants and Respondents.

## INTRODUCTION

A California consumer purchased a motorhome from a California dealership. As part of the purchase, the consumer entered into a warranty agreement with the motorhome's manufacturer. The warranty agreement provided that disputes between the parties would be resolved in an Indiana court and governed by Indiana law. When the consumer filed suit in California under the Song-Beverly Consumer Warranty Act (Song-Beverly) (Civ. Code, § 1790 et seq.), the defendants moved to stay the action on forum non conveniens grounds, seeking to enforce the forum selection clause in the warranty. As part of their motion, the defendants offered to stipulate that they would not oppose a request that an Indiana court apply Song-Beverly to the consumer's claims. The trial court granted the motion and stayed the case, but ordered that the consumer could seek to lift the stay if an Indiana court refused to apply Song-Beverly.

The consumer appeals, arguing the trial court erred in granting the motion and staying proceedings in California. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2022, plaintiff and appellant Performance Marketing, LLC (Performance) purchased a motorhome manufactured by Thor Motor Coach, Inc. (Thor) from Mike Thompson Recreational Vehicles (collectively with Thor, defendants). Performance later sued defendants, alleging a single cause of action for violation of the Song-Beverly Act.

Defendants moved to stay the action under Code of Civil Procedure section 410.30, arguing a forum selection clause in Thor's warranty made

Indiana the exclusive forum for Performance's claims.[1]  In support of the motion, Thor submitted a warranty registration form signed by Performance's representative, which read, in pertinent part, "I understand that exclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and implied warranties that arise by operation of law as well as those relating to representations of any nature must be filed in the courts within the state of manufacture, which is Indiana. If there is a conflict between this forum selection clause and another party's forum selection clause, this forum selection clause controls."  (Boldface and capitals omitted.)

The warranty form also required Performance to waive any right to a jury trial[2] and agree to be bound by a choice of law provision contained in a separate document designated as Thor's limited warranty.  The choice of law clause in the limited warranty provided: "Exclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and breach of implied warranties arising by operation of law as well as those relating to representations of any nature must be filed in a state or federal court within the state of manufacture, which is Indiana.  Also, this limited warranty shall be interpreted and construed in accordance with the laws of the state of Indiana.  Any and all claims, controversies and causes of action arising out of or relating to this limited warranty, whether sounding in contract, tort, or statute, shall be governed by the laws of the state of Indiana, including its

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[2]     "I agree that any and all actions of any kind related to our motorhome shall be decided by a judge rather than by a jury."  (Boldface and capitals omitted.)

statute of limitations, without giving effect to any conflict-of-law rule that would result in the application of the laws of a different jurisdiction." (Capitals omitted.)

The motion was also accompanied by a declaration from defendants' counsel, stating that defendants "[would] not oppose a request that the Indiana court utilize the Song-Beverly Consumer Warranty Act to adjudicate [Performance's claims] if permitted to go forward. Further, should [Performance] wish, [defendants] will enter into a written stipulation to that effect." Defendants relied on language from *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141 (*Verdugo*) to argue that this proposed stipulation would ensure that Performance's Song-Beverly rights would be protected if the forum selection clause was enforced and Performance was forced to bring its claims in Indiana.

Performance opposed the motion. As relevant on appeal, Performance argued its Song-Beverly rights are unwaivable and that under Civil Code section 1790.1, any contractual provisions purporting to waive the protections of Song-Beverly are void and unenforceable. It claimed that the forum selection and choice of law provisions in Thor's warranty amounted to an unenforceable waiver of Performance's Song-Beverly rights. Performance pointed to the jury waiver in Thor's warranty, arguing the right to a jury trial is protected by the California Constitution.

Performance also argued defendants' offered stipulation was insufficient to protect its Song-Beverly rights. Performance noted that it never accepted defendants' offer to stipulate, and thus there was no agreed-upon stipulation for the Indiana court to apply. Performance also argued that relying on the stipulation to rewrite the terms of the warranty agreement was contrary to California law, as "'No existing rule of contract

4

law permits a party to resuscitate a legally defective contract merely by offering to change it.'" (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 125.)

Performance cited a case involving Thor from the federal district court for the Southern District of California. Performance noted that the district court in that case rejected an identical stipulation on the grounds that the stipulation would contravene California public policy. Finally, Performance argued that defendants' reliance on *Verdugo* was misplaced, as any commentary from that case regarding the effects of the proposed stipulation was mere dicta that was not binding on the trial court.

Performance also argued that conditionally staying the California action would not adequately address the uncertainty surrounding an Indiana court application of Song-Beverly because it was unclear what authority the California trial court would have to resume the case once Indiana asserted jurisdiction over Performance's claims.

Relying on the defendants' proffered stipulation, the trial court granted the motion and stayed the action. The court concluded that any concerns about an Indiana court's acceptance of the stipulation could be "remedied by staying this matter while the Indiana case is pending and should the Indiana court decline to apply the Song-Beverly Act, then [Performance] can move to lift the stay on this matter." The court closed by directing Thor to "sign a stipulation to not oppose the application of California law in Indiana courts."

Performance timely appealed.

**DISCUSSION**

I.    *Legal Standards*

"In California, the procedure for enforcing a forum selection clause is a motion to stay or dismiss for forum non conveniens pursuant to Code of Civil Procedure sections 410.30 and 418.10 [citation], but a motion based on a forum selection clause is a special type of forum non conveniens motion. . . . [¶] . . . [I]f there *is* a mandatory forum selection clause, the test is simply whether application of the clause is unfair or unreasonable, and the clause is usually given effect.  Claims that the previously chosen forum is unfair or inconvenient are generally rejected.  [Citation.]" (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358.)  "'[E]nforcement is considered unreasonable where "the forum selected would be unavailable or unable to accomplish substantial justice" or there is no "rational basis" for the selected forum.  [Citation.]'" (*Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 216 (*Korman*).)

"A consumer's rights under the Song-Beverly Act are unwaivable." (*Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, 816, review granted Jan. 15, 2025, S287893 (*Lathrop*).)  "Therefore, in cases brought under the Song-Beverly Act . . . , the party seeking to enforce a forum selection clause has the burden to show litigating in a different forum will not diminish the plaintiff's unwaivable rights." (*Id.* at pp. 816–817.)

We review a stay under section 410.30 for abuse of discretion.  (*Grove v. Juul Labs, Inc.* (2022) 77 Cal.App.5th 1081, 1090.)  Where no conflicting extrinsic evidence has been presented, the interpretation of a forum selection clause is a legal question that we review de novo.  (*Korman, supra*, 32 Cal.App.4th at p. 214.)

6

II.     *The Trial Court Erred in Granting the Motion*

    A.     *Developments in Caselaw Surrounding Forum Selection Clauses*

        1.     *Verdugo*

To carry their burden of showing that Performance's Song-Beverly rights would not be diminished in Indiana, defendants relied on their offer to stipulate and language from *Verdugo* regarding the effect of such stipulations.  In *Verdugo*, an employee filed suit against her employer alleging multiple Labor Code violations.  (*Verdugo*, *supra*, 237 Cal.App.4th at p. 146.)  In response, the defendant employer moved to stay or dismiss the action based on a forum selection clause in the plaintiff's employment contract providing that Texas law applied to her claims and designating Texas as the exclusive forum for her lawsuit.  (*Ibid*.)  The trial court granted the motion, and our colleagues in the Fourth District reversed.

In reversing, the appellate court noted that, because the plaintiff was asserting unwaivable rights under the Labor Code, the employer bore "the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded . . . under California law.' [Citations.]" (*Verdugo*, *supra*, 237 Cal.App.4th at pp. 147–148.)  The court determined the employer failed to carry this burden, as the employer merely speculated that "*if* Texas's choice-of-law doctrine required the Texas court to apply California law," then the plaintiff's rights under the Labor Code would not be diminished.  (*Id*. at p. 158.)  But this speculation was insufficient to establish that Texas courts "either have applied or will apply California wage and hour laws despite a choice-of-law clause designating Texas law." (*Ibid*.)

Having determined that the employer did not carry its burden, the appellate court then noted in dicta that the employer "could have eliminated

7

any uncertainty on which law a Texas court would apply by stipulating to have a Texas court apply California law in deciding [plaintiff]'s claims, but [defendant] did not do so." (*Verdugo*, *supra*, 237 Cal.App.4th at pp. 158.)

In the intervening time since the trial court granted defendants' motion and stayed this action, there have been three published cases from this appellate district addressing such stipulations in the context of motions to enforce forum selection clauses in motorhome warranties.

### 2. *Lathrop*

Thor was a party in the first of these cases, *Lathrop v. Thor Motor Coach, Inc.* *Lathrop* arose on similar facts to those presented here. There, the plaintiffs bought a Thor motorhome from a dealership in California. (*Lathrop*, *supra*, 105 Cal.App.5th at p. 812.) Plaintiffs later filed suit against Thor and the dealership, asserting claims under Song-Beverly and the Consumers Legal Remedies Act (CLRA). Thor responded by filing a motion to stay the action under section 410.30 pursuant to the forum selection clause in its warranty designating Indiana as the exclusive forum for plaintiffs' claims. (*Ibid.*) As part of its motion, Thor offered to stipulate that the substantive provisions of Song-Beverly would apply in the Indiana court. The trial court granted the motion, and our colleagues in Division Seven reversed.

The appellate court determined that Thor failed to carry its burden of demonstrating that the plaintiffs' rights would not be diminished if forced to bring suit in Indiana. The appellate court noted that, because Thor's warranty "contained not only an Indiana forum selection clause but also an Indiana choice-of-law clause, an Indiana court could enforce several terms of the Limited Warranty that would be unenforceable under the Song-Beverly

8

Act." (*Lathrop*, *supra*, 105 Cal.App.5th at p. 818.)  The court also noted that Indiana's equivalent lemon law expressly excluded motorhomes, and that Thor's warranty provided plaintiffs with fewer protections than Song-Beverly did.  (*Id.* at pp. 818–819, fn. 4.)  The court also pointed to the pre-dispute jury waiver contained in Thor's warranty, which was unenforceable under California law.  (*Id.* at p. 819.)

The *Lathrop* court expressly rejected Thor's argument that its proffered stipulation was sufficient to protect plaintiffs' unwaivable California rights in an Indiana court.  The court construed Thor's offer to stipulate as a request for the trial court to sever the unenforceable choice of law and jury waiver provisions from the warranty and enforce the forum selection clause. (*Lathrop*, *supra*, 105 Cal.App.5th at p. 820.)  Relying on precedent from our California Supreme Court, the court concluded that severance would not serve the interests of justice as it would incentivize Thor to include provisions in its warranty that it knew were void and unenforceable under California law.  (*Id.* at pp. 820–821.)  The court noted that unsavvy California consumers may forgo filing in California and instead file in Indiana because they believe that is required under the contract.  Such consumers would only later discover that Indiana's lemon law does not cover motorhomes, giving up their rights under Song-Beverly.  Still others may be deterred from pursuing claims in Indiana at all.  (*Id.* at p. 821.)

The court also rejected Thor's reliance on *Verdugo*, noting the reference to a stipulation in that case was non-binding dicta as the *Verdugo* court "did not have occasion to decide whether such a stipulation would have met the defendant's burden to show litigating in the different forum would not diminish the plaintiff's unwaivable rights." (*Lathrop*, *supra*, 105 Cal.App.5th at p. 824.)

9

The court then determined that, even if the choice of law and jury waiver provisions were severed from the warranty, Thor's proposed stipulation was insufficient to carry its burden in moving to stay. The court noted that "Thor cannot guarantee an Indiana court will apply California law to the Lathrops' Song-Beverly and CLRA causes of action." (*Lathrop, supra,* 105 Cal.App.5th at p. 826.) While Thor's stipulation provided that it would not oppose the application of California law, the court concluded, "ultimately it will be up to the courts in Indiana to decide whether to honor all or part of the proposed stipulation." (*Ibid.*) Thor did not point to any Indiana case law that would "shed[] light on how an Indiana court would interpret Thor's stipulation or apply California law in this case." (*Ibid.*) Accordingly, Thor's offer to stipulate did not establish that the plaintiffs' Song-Beverly rights would not be diminished in an Indiana forum.

### 3. *Hardy*

In *Hardy v. Forest River, Inc.* (2025) 108 Cal.App.5th 450, review granted April 30, 2025, S289309 (*Hardy*), our colleagues in Division Two were faced with analogous facts to those presented in *Lathrop*. The plaintiff in *Hardy* purchased a motorhome in California and later sued the manufacturer under Song-Beverly. (*Id.* at p. 453.) The vehicle's warranty provided that all legal disputes regarding the sale would be resolved in Indiana under Indiana law. The manufacturer moved to stay or dismiss, seeking to enforce the forum selection clause in the warranty. (*Ibid.*) With its motion, the manufacturer offered to stipulate that California law would apply to the plaintiff's warranty claims and that it would not oppose a request for an Indiana court to apply Song-Beverly. (*Ibid.*) The trial court granted the motion and stayed the case, noting that the plaintiff could move

10

to lift the stay if the Indiana court declined to apply Song-Beverly. (*Id.* at pp. 455–456.) The appellate court reversed.

The *Hardy* court began by adopting *Lathrop*'s severability analysis, holding that severance was contrary to California public policy. (*Hardy*, *supra*, 108 Cal.App.5th at pp. 458–460.) The court similarly rejected the manufacturer's reliance on the stipulation language in *Verdugo* as non-binding dicta. (*Id.* at pp. 461–462.)

The court also concluded that leaving open the possibility that the plaintiff could move to lift the stay in California was insufficient to protect the plaintiff's Song-Beverly rights in Indiana. The court noted that cases, including *Verdugo*, questioned whether a California court could proceed with an underlying case after a state court in another forum ruled. (*Hardy*, *supra*, 108 Cal.App.5th at pp. 462–463.) The court noted there was no procedural device permitting a California court to resume proceedings in such circumstances. (*Ibid.*) The court also noted it was unclear when it would be proper for the plaintiff to seek to lift the stay in California. "Would it be proper to do so whenever the Indiana court made a ruling that the plaintiff believed contrary to the requirements of the Song-Beverly Act, even though the Indiana court stated that it was following California law?" (*Id.* at p. 463.)

The *Hardy* court concluded that "In sum, the seemingly neat solution of allowing the case to be transferred to Indiana subject to lifting the stay in California if the Indiana court declines to follow the Song-Beverly Act neither follows California law regarding when to adjudicate unconscionability and how to determine whether to sever the unenforceable provisions of a contract, nor aligns with basic principles of comity." (*Hardy*, *supra*, 108 Cal.App.5th at p. 463.)

11

4.      *Kim*

In *Kim v. Airstream, Inc.* (2025) 113 Cal.App.5th 201 (*Kim*), our colleagues in Division One were faced with a similar dispute regarding forum selection and choice of law clauses in a motorhome warranty that required purchasers to sue the manufacturer in Ohio under Ohio law.  (*Id.* at p. 206.) The trial court, relying on a proposed stipulation from the manufacturer that Song-Beverly would apply in Ohio, severed the choice of law provision and granted the manufacturer's motion to stay the California action.  (*Id.* at pp. 206–207.)

The appellate court began by affirming the trial court's decision to sever the choice of law provision from the warranty.  In doing so, the *Kim* court distinguished and disagreed with the severability analyses in *Lathrop* and *Hardy*.  (*Kim, supra*, 113 Cal.App.5th at pp. 217–220.)  Particularly, the *Kim* court held that the severability analysis of *Lathrop* and *Hardy* relied too broadly on the need to deter the manufacturer from including void and unenforceable provisions in its warranty.  (*Id.* at p. 220.)  The court rejected the plaintiff's argument that the choice of law provision tainted the manufacturer's entire warranty with illegality.  (*Id.* at p. 214.)  Instead, the court noted the manufacturer used the same warranty regardless of what state the vehicle was sold in, and "there are efficiency and predictability benefits to creating a single set of express warranty terms applicable to all vehicles Airstream manufactures, regardless of the state in which a dealer sells them to a consumer."  (*Id.* at p. 215.)  Accordingly, the *Kim* court found the trial court did not abuse its discretion in severing the unenforceable provisions of the warranty.

While the *Kim* court affirmed the trial court's severance of the choice of law provision, it nonetheless reversed and remanded the trial court's order,

12

holding that the manufacturer did not carry its burden to show that the plaintiff's Song-Beverly rights would be protected by an Ohio court. (*Kim, supra,* 113 Cal.App.5th at pp. 220–221.) The court noted that the manufacturer relied solely on its proposed stipulation to show that the plaintiff's rights would not be diminished in Ohio. (*Id.* at p. 220.) The court adopted the reasoning in *Lathrop,* which held that such a stipulation was insufficient to carry a defendant's burden in moving to stay. (*Id.* at pp. 220–221.)

B.  *Defendants Did Not Meet Their Burden Below*

On appeal, the parties understandably devote significant briefing to the question of whether we should follow the severability analyses from *Lathrop* and *Hardy* or adopt the *Kim* court's contrary reasoning. We ultimately need not decide this question and decline to do so.

Taken together, *Lathrop*, *Hardy*, and *Kim* are in accord in concluding that a defendant seeking to enforce a forum selection clause in a Song-Beverly action cannot rely on an unaccepted stipulation or conditional stay to establish that a plaintiff's unwaivable rights under California law will not be diminished in a different forum.[3] As in *Kim*, the defendants here exclusively relied on their proffered stipulation to carry their burden below. In granting defendants' motion, the trial court similarly relied on the conditional stay

_____

[3]  Below, defendants conceded that they bore this burden in moving to enforce the forum selection clause. The trial court agreed. On appeal, defendants now challenge this proposition and argue that Performance bore the burden below. But defendants did not appeal from that aspect of the trial court's order and have therefore forfeited any claim of error with respect to the trial court's application of the burden of proof. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8; see also *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350, fn. 12.)

13

order, which it determined sufficiently protected Performance from any risk that the Indiana court would not adopt the stipulation to apply Song-Beverly. We adopt the reasoning of *Lathrop*, *Hardy*, and *Kim*, discussed above, and conclude that the stipulation and conditional stay were insufficient to establish that Performance's Song-Beverly rights would not be diminished if it were forced to bring suit in Indiana.[4]  We therefore reverse the trial court's order granting defendants' motion to stay.

Defendants' attempts to avoid this result are unpersuasive.  For example, in arguing that the stipulation would sufficiently protect Performance's rights, defendants claim, "the trial court *ordered* that California law (generally) will apply in Indiana," and "[t]here is no reason to assume an Indiana court would disregard this California court order."  But this misstates the record; the trial court's order contained no such directive. The trial court did not order that California law would apply in Indiana; it simply directed defendants "to sign a stipulation to not oppose the application of California law in Indiana courts."  The trial court's order expressly acknowledged that an Indiana court may nonetheless decline to adopt the stipulation but determined that "this concern can be remedied by staying this matter while the Indiana case is pending and should the Indiana court decline to apply the Song-Beverly Act, then Plaintiff can move to lift the stay on this matter."

Defendants also cite a line of cases holding that, when Indiana courts resolve conflicts of law in contractual matters, they apply the law of the state with the most intimate contacts to the dispute.  Defendants argue California

---

[4]      In addition to the reasoning set out in those cases, we add that requiring Performance to revive this action in California after expending resources to litigate in Indiana would not serve the interests of judicial economy and would constitute a waste of the parties' resources.

is the state with the most intimate contact with Performance's claims, and accordingly, an Indiana court would apply California law to Performance's claims. But as defendants acknowledge, these cases all involved contracts that did not contain a choice of law provision designating Indiana law as governing the parties' dispute. This line of argument is unpersuasive as Thor's warranty here contains a choice-of-law provision designating Indiana law as governing Performance's claims.

Defendants nonetheless contend these cases are relevant here because the trial court severed the choice of law provision from Thor's warranty. Defendants appear to suggest that an Indiana court would be bound by the trial court's severance ruling. We reject this argument for three reasons.

First, defendants' claim that the trial court severed the choice of law provision is unsupported by the record. The trial court's order granting defendants' motion does not include any severability analysis. Indeed, the order does not even mention the choice of law provision or jury waiver, nor does it include the words "sever," "severance," or any variation thereof. The reporter's transcript is similarly devoid of any reference to severance or severability. (See *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["if it is not in the record, it did not happen"].) We therefore have no basis to conclude that the trial court severed the choice of law provision from Thor's warranty.

Second, the language contained in Thor's limited warranty expressly states that the Indiana court would not be bound by the choice of law authority cited by defendants. Instead, the limited warranty requires the Indiana court to apply Indiana law to Performance's claims "without giving effect to any conflict-of-law rule that would result in the application of the laws of a different jurisdiction." (Boldface and capitals omitted.)

15

And third, even if we assume the trial court did sever the choice of law provision, defendants have not provided any authority suggesting that an Indiana court would be bound by a California court's interlocutory severability finding.[5] We need not consider conclusory arguments that are not supported by citation to pertinent legal authority. (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894–895; *People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8.)

We conclude that defendants' unaccepted stipulation to alter the terms of the warranty was insufficient to carry their burden in moving to stay below. We also conclude that the conditional nature of the trial court's stay order was insufficient to protect Performance's Song-Beverly rights. The trial court therefore erred in granting defendants' motion to stay under section 410.30. As we have determined the trial court's order cannot stand, we need not address Performance's other claims of error and decline to do so.[6]

---

[5] Defendants paradoxically argue that a California court would not be bound by an interlocutory order from an Indiana court refusing to apply Song-Beverly to Performance's claims. On appeal, defendants do not explain why an Indiana court would be bound by a California court's order, but a California court would be free to disregard an order from an Indiana court.

[6] Defendants' request for judicial notice is denied.

## DISPOSITION

The order granting defendants' motion to stay is reversed and remanded.  The trial court is directed to enter an order denying the motion to stay.  Performance is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


TAMZARIAN, J.

17